IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     PLAINTIFF,<br><br>v.<br><br>KIARA RAMOS-MELENDEZ<br>     DEFENDANT. | CASE NO.: 24-77 (RAM) |

## MOTION FOR REVIEW OF DETENTION ORDER AND REQUEST FOR *DE NOVO* DETENTION HEARING

TO THE HONORABLE COURT:

Kiara Ramos-Melendez ("Ms. Ramos"), represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, states as follows:

### I.     Introduction

On February 29, 2024, a two-count indictment was lodged against Ms. Ramos alleging violations under 18 U.S.C. § 2422(b) and § 2252(a)(2). D.E. 3. On March 6, 2023, Ms. Ramos was arrested. On that same day, she appeared for an initial hearing before Magistrate Judge Marshal D. Morgan. A bail hearing was also held. A Pretrial Services Report ("PTSR") was not available at that time. The USPO provided an oral report and its recommendation. D.E. 8. After hearing the arguments of the parties, the magistrate denied bail. The Court's grounds for denying bail were memorialized in its Order of Detention Pending Trial. D.E. 11.

Ms. Ramos objects to the magistrate's order of detention. First, the magistrate would have benefited from a PTSR's before holding a bail hearing in this case. Second, the magistrate impermissibly overweighed the weight-of-the-evidence factor over all

1

other bail factors. Third, the magistrate disregarded various factors favoring bail including: that Ms. Ramos is a 28-year-old female with no prior arrests or convictions; her petite physical stature (she is 4 ft. 9 in. and weighs 85 lbs.); that she is a lifelong resident of Puerto Rico with strong family and community ties; that she is a recent mother; that she possesses higher education; that she is not a drug user; that federal agents contacted her as early as October 2023, but did not arrest her until last week – nearly 5 months later. All of these factors show that Ms. Ramos is *not* a flight risk nor a danger to the community. Fourth, the magistrate failed to adequately consider conditions of release that would have guaranteed Ms. Ramos' appearance at future proceedings and satisfied any concerns for the community's safety.

For the reasons explained more fully below, this motion requests a review of the detention order under §3145(b) and the setting of a *de novo* detention hearing forthwith.

## II.   The Law

The Bail Reform Act ("BRA") provides the legal framework for making determinations about pretrial release. Ordinarily, magistrates are initially tasked with the responsibility to issue orders concerning the release or detention of persons pending trial. 28 U.S.C. § 636. Once a magistrate judge has entered a detention order, the BRA allows a defendant to move for revocation of the order under § 3145(b). In considering a motion under § 3145(b), the district court conducts a de novo review of the challenged order. *United States v. Tortora*, 922 F.2d 880, 883 n. 4 (1st Cir. 1990).

Here, there is no question this is a presumption case. It is important to note, however, that even where the § 3142(e) presumption arises, the ultimate burden to persuade the court that detention is proper remains at all times with the government. *See United States v. Palmer–Contreras,* 835 F.2d 15, 17–18 (1st Cir. 1987) (noting that while

the § 3142(e) presumption helps the Government, it "only imposes a burden of production on a defendant"; "the burden of persuasion remains with the government"). Furthermore, because Ms. Ramos' burden is of production, not persuasion, rebuttal means simply producing "some evidence" she is not a danger to the community or a risk of flight. *United States v. Jessup,* 757 F.2d 378, 384 (1st Cir. 1985) (Breyer, J.) ("In order to 'rebut' the presumption, the defendant must produce some evidence"); *see also United States v. Gamble,* No. 20-3009, 2020 U.S. App. LEXIS 11558 at *1–2 (D.C. Cir. Apr. 10, 2020) (holding that "[t]he district court erred in concluding that appellant failed to meet his burden of production to rebut the statutory presumption" regarding dangerousness because "appellant did 'offer some credible evidence contrary to the statutory presumption,'" including information that he had a job offer) (unpublished) (quoting *United States v. Alatishe,* 768 F.2d 364, 371 (D.C. Cir. 1985)).  Indeed, the presumption of detention is rebutted by "[a]ny evidence favorable to a defendant that comes within a category listed in § 3142(g) . . . including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3)." *United States v. Dominguez,* 783 F.2d 702, 707 (7th Circuit 1986); *Jessup,* 757 F.2d at 384.

But a judge may not detain a defendant in a presumption case based solely on (1) the nature and seriousness of the crime charged, or (2) the weight of the evidence against him. Even when a defendant is charged with a serious crime or has a significant criminal history, there may be release conditions that will reasonably assure the safety of the community. *Dominguez,* 783 F.2d at 707. This Court must analyze the defendant's individual characteristics under § 3142(g). Importantly, the Court is forbidden from relying solely on the weight of the evidence to detain a defendant in a presumption case.

An accused is not required to "'rebut' the government's showing of probable cause to believe that he is guilty of the crimes charged." *Id*. at 706. The presumption of innocence remains firmly in place.  18 U.S.C. 3142(j).

### III. Ms. Ramos Rebutted the Presumption of Detention

Here, the magistrate correctly determined that Ms. Ramos had rebutted the presumption of detention. D.E. 11. As such, the magistrate should have weighed that factor against the other § 3142(g) factors specific to Ms. Ramos. *See Jessup*, 757 F.2d at 384 (holding that the judge should consider the rebutted presumption along with the § 3142(g) factors); *Dominguez*, 783 F.2d at 707 (same). However, it did not. The magistrate focused solely on the weight of the evidence factor – proffered by the government. The detention order is void of mention of any of the other relevant bail factors even though the defense proffered that Ms. Ramos has no criminal history, has deep family and community ties to Puerto Rico, has a college degree, is not a drug user, is a recent mother.

### IV. There Are Conditions of Release That Can Reasonably Assure Appearance and the Safety of the Community

In addition to the presumption being rebutted, Ms. Ramos should be released on bail because there are conditions that will reasonably assure the safety of the community and her appearance in court. *See Ploof*, 851 F.2d at 9 (citing § 3142(e)). The government has the burden of proving by clear and convincing evidence that there are *no* release conditions that will reasonably assure the safety of the community. *See Tortora*, 922 F.2d at 886.  The defense submits that the government has failed to meet its burden.

First, Ms. Ramos is not a flight risk. She is a lifelong resident of Puerto Rico and all of her immediate family lives in Puerto Rico. She now has a son which further strengthens her ties to Puerto Rico and lessens her likelihood of fleeing. Finally, we point

out that for at least five months Ms. Ramos was on notice that she was being investigated by federal agents, yet she did not flee, nor attempt to flee prosecution. Any concern for flight can be satisfied by ordering Ms. Ramos to surrender her passport and prohibit her from travelling outside of Puerto Rico without court authorization.

Second, Ms. Ramos is not a safety risk. To begin, we point out that she is 4ft. 9in. tall and weighs 85 lbs. Obviously, she is no physical threat to anyone. Further, we point out that federal agents visited Ms. Ramos in October of 2023 to confiscate her electronic device. Federal agents conducted its investigation for five months before arresting Ms. Ramos. If she were really a threat to the community's safety, federal agents would have arrested her weeks or months ago. But they did not. It is oxymoronic to argue now that her arrest suddenly makes her a threat to the safety of the community. This is not to say that the government does not or cannot have safety concerns. However, any safety concerns that the government may have can be ameliorated with the following conditions of release: the execution of a $10,000 unsecured bond, a third-party custodian (there are at least 2 potential individuals), home detention with electronic monitoring, a prohibition from contacting the alleged victim, travel restrictions, surrendering her passport. If necessary, Ms. Ramos is willing to submit to additional conditions. This warrants the Court's strong consideration.

**V.     Conclusion**

The BRA strikes a delicate balance between society's need for the appropriate administration of justice and an accused's right to adequate procedural safeguards, due process of law, and freedom from excessive bail. It also implicates the right of every citizen to be presumed innocent and imprisoned only after he has been proven guilty beyond a reasonable doubt. Incorrect application of the Bail Reform Act has the very real

consequence of depriving someone of their liberty, a cherished right in our society. In practice, some detention orders, such as the one in this case, have become untethered from the law by ordering the imprisonment of persons who have not yet been convicted of a crime. This undermines the liberty interest the statute was supposed to protect.

Here, the magistrate's detention order did not properly consider the 18 U.S.C. § 3142(g) factors favoring Ms. Ramos' release. Ms. Ramos rebutted the detention presumption, and offered conditions that can reasonably assure her appearance at future court proceedings as well as the safety of the community. For the foregoing reasons, Ms. Ramos respectfully requests that the Court: (1) conduct a *de novo* detention hearing and, (2) order the U.S. Probation Office to prepare a Pretrial Services Report to assist the Court at the *de novo* detention hearing.

**I HEREBY CERTIFY** that on this date I electronically filed the present motion with the Clerk of Court using the CM/ECF system which will send electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, March 11, 2024.

> RACHEL BRILL
> **FEDERAL PUBLIC DEFENDER**
>
> S/JESÚS A. HERNÁNDEZ-GARCÍA
> Assistant Federal Public Defender
> USDC - PR 226812
> 241 F. D. Roosevelt Avenue
> San Juan, PR  00918-2305
> Tel.  (787) 281-4922
> Jesus_Hernandez@fd.org